UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DELORES FORD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-1481 (ABJ) |
| AMOS JONES, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Delores Ford filed this *pro se* action against defendants Amos Jones, De Wanna Sang, Laverne G. Atkinson, Jonnita Johnson, Saundra Durant, Carolyn Lyles, and Linda Teabout. Compl. [Dkt. # 1]. The action arises out of another lawsuit before this Court, *Ford v. Maryland Attorney General*, Civ. A. No. 17-2525 (the "related case"). Plaintiff asserts that in the related case, defendants made a series of misrepresentations about her to the Court, causing "harm to Plaintiff's good standing" with the Court. *Id.* at 3.

In the related case, Ms. Ford, along with thirty-seven other plaintiffs, filed an action against the State of Maryland Attorney General, the Maryland Department of the Environment, and Chevron U.S.A., Inc. *See* Compl. [Dkt. # 1], *Ford v. Md. Att'y Gen.*, Civ. A. No. 17-2525 (D.D.C. Nov. 22, 2017). The action arose out of a gas leak that occurred almost thirty years ago at a Chevron gas station in Chillum, Maryland. *Id.* Plaintiffs alleged that toxic chemicals migrated through the soil to their properties, and the complaint included multiple state and federal claims, including nuisance, trespass, fraudulent concealment, and conspiracy, among others. *Id.*

1

In March of 2018, defendants moved to dismiss the complaint. *See* Chevron's Mot. to Dismiss [Dkt. # 7], *Ford v. Md. Att'y Gen.*, Civ. A. No. 17-2525 (D.D.C. Mar. 1, 2018); Md. Att'y Gen.'s Mot. to Dismiss [Dkt. # 14], *Ford v. Md. Att'y Gen.*, Civ. A. No. 17-2525 (D.D.C. Mar. 29, 2018); Md. Dep't of the Environment's Mot. to Dismiss [Dkt. # 15], *Ford v. Md. Att'y Gen.*, Civ. A. No. 17-2525 (D.D.C. Mar. 29, 2018). On October 22, 2018, the Court granted defendants' motions to dismiss because it found that the claims were barred by the doctrine of *res judicata* and precluded by the applicable statute of limitations. *Ford v. Md. Att'y Gen.*, No. 17-cv-2525, 2018 WL 5251742 (D.D.C. Oct. 22, 2018).

On November 30, 2018, plaintiffs filed a Rule 60 motion for relief from judgment. Pls.' Rule 60 Mot. for Amendment of Order, Relief from Judgment, and Reinstatement of Case [Dkt. # 32], *Ford v. Md. Att'y Gen.*, Civ. A. No. 17-2525 (D.D.C. Nov. 30, 2018). On April 12, 2019, before the Court had ruled on this motion, plaintiff Ford filed a supplemental memorandum informing the Court that plaintiffs would like to pursue mediation and had hired counsel, Amos Jones, to represent them. *See* Suppl. Mem. to Mot. for Reconsideration [Dkt. # 36], *Ford v. Md. Att'y Gen.*, Civ. A. No. 17-2525 (D.D.C. Apr. 12, 2019). Because the Court had already dismissed the case, and the motion for reconsideration was still pending, the Court did not take any action.

On April 29, 2019, the Court denied leave to file a letter submitted by Ms. Ford, pursuant to Local Rule of Civil Procedure 5.1(a), which prohibits correspondence between a party and a judge. On May 2, plaintiffs Gretchen Atkinson, Saundra Durant, Jonnita Johnson, Carolyn Lyles, De Wanna Sang, and Linda Teabout filed a notice, alleging that Ms. Ford's April 12 supplemental memorandum and April 29 letter were fraudulent and intended to mislead the Court because someone else had signed their names to the pleadings. Notice [Dkt. # 40], *Ford v. Md. Att'y Gen.*, Civ. A. No. 17-2525 (D.D.C. May 2, 2019). On May 7, the Court again denied leave to Ms. Ford

to submit a filing to the Court, because the documents for which leave to file was already denied were identified in the filing. Finally, on June 26, the Court denied plaintiffs' motion for reconsideration because plaintiffs had not raised any new evidence or extraordinary circumstances that would justify reopening the case. *See* Mem. Op. & Order [Dkt. # 42], *Ford v. Md. Att'y Gen.*, No. 17-cv-2525 (D.D.C. June 26, 2019).

Plaintiff Ford filed this action on May 21, 2019, against defendants Atkinson, Durant, Johnson, Lyles, Sang, Teabout, and Jones. She alleged that she was the victim of the "unclean hands doctrine"; the defendants conspired to silence her; defendant Jones violated American Bar Association ("ABA") rules; and defendants committed "fraud on the court" and defamed her. *See* Compl.

Given the apparent lack of a federal question to resolve and the absence of complete diversity, on June 13, 2019, the Court ordered plaintiff to show cause why it has subject matter jurisdiction over the action. Order to Show Cause [Dkt. # 5]. On June 27, 2019, plaintiff responded but did not address subject matter jurisdiction. Pl.'s Resp. to Order to Show Cause [Dkt. # 7] ("Pl.'s Resp."). Instead, she explained that she initiated this lawsuit because defendants "caused Plaintiff to be seen by the Court as having unclean hands by telling this Honorable Court that [she] committed fraud" in the related case. *Id.* at 1–2. She asserted that defendants' allegedly false misrepresentations caused the Court to deny her leave to submit filings. Finally, she requested that: (1) "the Court [ ] direct attorney Jones, should the [related case] go to mediation, [ ] to use his mediation skills to settle [the related case] at no charge to the Plaintiffs"; (2) "six (6) [d]efendants pay all [p]laintiff's legal fees and expenses;" (3) "each [d]efendant be ordered to give [p]laintiff a written apology;" and (4) "the Court restore [p]laintiff to her previous clean hands position with the Honorable Court as to allow her positive reputation within the community to be

restored." Pl.'s Resp. at 3. Because the Court does not have subject matter jurisdiction over the case to support such relief, it will dismiss it *sua sponte*.

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). Subject matter jurisdiction may not be waived, and "courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden . . . from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). Therefore, a district court may dismiss a complaint *sua sponte* when it is evident that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety.").

The Court generally derives its subject matter jurisdiction from two federal laws, 28 U.S.C. § 1331 and § 1332. "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh*, 546 U.S. at 513. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (internal citations omitted).

4

Subject matter jurisdiction is lacking where a complaint "is patently insubstantial presenting no federal question suitable for decision." *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009), quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). A claim is "patently insubstantial" when it is "flimsier than doubtful or questionable . . . essentially fictitious." *Best*, 39 F.3d at 330 (internal quotations omitted); *see Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous.") (internal citations and quotation marks omitted).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's complaint does not present complete diversity. Plaintiff has not alleged any claims against a diverse defendant exceeding $75,000 – the caption of the complaint indicates that all the parties reside in the District of Columbia.

In addition, the allegations in the complaint do not present a "federal question suitable for decision." *Best*, 39 F.3d at 330. The "unclean hands doctrine" is a defense, not a claim. *See Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 815 (1945). A violation of ABA rules does "not itself give rise to a cause of action against a lawyer." Model Rules of Prof'l Conduct, Preamble [20] (Am. Bar Ass'n 1983). Defamation and attorney malpractice are state law claims. Finally, any "fraud on the court" is alleged to have taken place after the judgment was issued, and she asks only to be restored to her "rightful clean hands position." Thus, plaintiff does not assert any claims arising under the laws of the United States or the Constitution.

Ms. Ford is under the impression that the Court denied her leave to submit filings in the related case because of the allegations of fraud. But that is not the reason leave to file was denied; the Court did not allow Ms. Ford's filings because she failed to comply with Local Rule of Civil Procedure 5.1(a). Furthermore, the motion for reconsideration was denied on the merits, and the Court can assure plaintiff that it was not based upon any determination concerning the allegations about fraudulent filings. Ms. Ford, in this case and the related case, has repeatedly asked that the related case go to mediation, but the Court has already dismissed the claims, *see Ford*, 2018 WL 5251742, and it has denied the plaintiffs' motion for reconsideration. *See* Mem. Op & Order [Dkt. # 42], *Ford v. Md. Att'y Gen.*, No. 17-cv-2525 (D.D.C. June 26, 2019). Thus, Ms. Ford's recourse regarding Civ. A. No. 17-2525 lies with the Court of Appeals.

Accordingly, the Court will dismiss this case *sua sponte*, without prejudice, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: July 19, 2019